USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/23/2023_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OZGUL HOLMGREN, <br><br> *Plaintiff*, <br><br> v. <br><br> CULTIVATE BEHAVIORAL HOLDINGS GP, CORP. and IMPERIAL CAPITAL GROUP LTD., <br><br> *Defendants*. | Civil Action No. 1:23-CV-01878-AT <br><br> *Document electronically filed* <br><br> **DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure by the parties of confidential business information and confidential patient information, including personal identifiers; and it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' legitimate proprietary interests will result should this Order not be entered; and it appearing further that the discovery of confidential health information is implicated in this action, and this Stipulation and Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder (*see* 45 C.F.R. § 164.512(e)(1)(ii)); and the parties having agreed to keep materials produced in discovery confidential and to return or destroy such materials in accordance with the terms set forth in this Order; and good cause having been shown for entry of this Order pursuant to 45 C.F.R. § 164.514(b)(2)(i), and Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

**IT IS** on this   23    day of June, 2023, **ORDERED** as follows:

1.     With respect to information relating to any patient discovered or exchanged in this litigation that identifies an individual or subscriber in any manner and/or relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber, the parties shall designate that information as "**CONFIDENTIAL HEALTH INFORMATION**." The term "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. § 160.103 (defining "individually identifiable health information" and "protected health information"). "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from, Confidential Health Information. "Confidential Health Information" does not include any document or information that has all of the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted pursuant to Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure:

(a) names;

(b) all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

(c) all elements of dates (except year) for dates directly related to an individual, including birth date, admission dates, discharge dates and date of death, and all ages over 89, and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

(d) telephone numbers;

(e) fax numbers;

(f) electronic mail addresses;

(g) social security numbers;

(h) medical record numbers;

(i) health plan beneficiary numbers;

(j) account numbers;

(k) certificate/license numbers;

(l) vehicle identifiers and serial numbers, including license plate numbers;

(m) device identifiers and serial numbers;

(n) web universal resource locators ("URLs");

(o) internet protocol ("IP") address numbers;

(p) biometric identifiers, including finger and voice prints;

(q) full face photographic images and any comparable images, and

(r) any other unique identifying number, characteristic, or code except as permitted for a code utilized to re-identify de-identified data that complies with 45 C.F.R. § 164.514(c).

Notwithstanding the foregoing sentence, the parties shall produce documents in response to discovery requests of another party in this litigation without redaction, designating such documents as further set forth herein. A document that contains protected health information under HIPAA shall be deemed as "Confidential Health Information" and treated as "Confidential Health Information" even if the party that produces the document inadvertently fails to designate the document as containing "Confidential Health Information."

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G). Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "**CONFIDENTIAL**" or "**CONFIDENTIAL— SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**."

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that (a) otherwise qualifies as Confidential material pursuant to the terms of this Order, and (b) contains highly-sensitive trade secrets or business information. The producing party shall mark every page of the document in which such information appears with the following or similar legend: "**ATTORNEYS' EYES ONLY**" or "**ATTORNEYS' EYES**

**ONLY—SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**". The parties agree to make good faith determinations that any information designated as Attorneys' Eyes Only reasonably warrants that designation, as well as protection under Rule 26(c).

4.  All material designated Confidential Health Information, Confidential, and/or Attorneys' Eyes Only shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those individuals set forth in Paragraphs 5 and 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court.

5.  Confidential material, the contents of Confidential material, Confidential information, and Confidential Health Information may be disclosed only to the following individuals under the following conditions:

    (a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    (b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non- disclosure agreement in the form attached hereto as Exhibit A;

    (c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    (d) The Court and court personnel;

    (e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

    (f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual

       aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    (g)    The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in the matter.

    6.    Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

    (a)    Outside counsel (herein defined as any attorney at the parties' outside law firms);

    (b)    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non- disclosure agreement in the form attached hereto as Exhibit A;

    (c)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    (d)    The Court and court personnel;

    (e)    Any deponent may be shown or examined on any information, document, or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure; and

    (f)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

    7.    Attorneys' Eyes Only material may <u>not</u> be disclosed to the parties.  In the case of parties that are corporations or other business entities, "party" shall mean officers, employees, and agents of the entity, with the exception of in-house counsel and their staff as set forth in Paragraph 6(a) and (c), above.

    8.    Confidential Health Information, Confidential material, and Attorneys' Eyes Only

6

material shall be used only by individuals permitted access to such material under Paragraphs 5 and 6, above.  Confidential Health Information, Confidential material, and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality and, with respect to Confidential Health Information, there exists a valid authorization by the individual to whom it relates that complies with the requirements of 45 C.F.R. § 164.508(b)(6), or (b) the Court orders such disclosure.

9. With respect to any depositions that involve a disclosure of Confidential Health Information, Confidential material, or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential Health Information, Confidential, or Attorneys' Eyes Only, which period may be extended by agreement of the parties.  During this period, no such deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the individuals described in Paragraph 5 (as to Confidential Health Information and Confidential material) and Paragraph 6 (as to Attorneys' Eyes Only material). Upon being informed that certain portions of a deposition are to be designated as Confidential Health Information, Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6.

10. If counsel for a party receiving documents or information designated as Confidential Health Information, Confidential, or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential Health Information, Confidential, or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential Health Information, Confidential, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the parties shall submit the dispute to the Court for resolution. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. A party seeking to file any documents and/or things under seal shall file a motion pursuant to Rule IV(A) of this Court's Individual Practices in Civil Cases. Designation under this Order alone is not a sufficient basis to seek to seal.

12. If the need arises during trial or at any hearing before the Court for a party to disclose Confidential Health Information, Confidential material, or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court. Nothing herein constitutes a ruling that any information will be sealed or that an *in camera* presentation will be permitted.

13. If, at any time, any person, other than the party who originally produced Confidential Health Information, Confidential material, or Attorneys' Eyes Only material receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the party who produced such materials. The party who produced such materials then shall have

the burden of defending against or objecting to such request. The person to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by a court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if the party who produced the materials does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Health Information, Confidential material, or Attorneys' Eyes Only material that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after disclosure, that the material should have been designated Confidential Health Information, Confidential, or Attorneys' Eyes Only. Such notice shall constitute a valid designation of the information, document, or thing as Confidential Health Information, Confidential, or Attorneys' Eyes Only under this Order. Provided, however, Confidential Health Information shall be treated in accordance with this Order without regard to any designation or claim of protection at the time of production.

15. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken

disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure by filing an appropriate application with the Court.

16. No information that is in the public domain or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

17. No person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Health Information, Confidential, or Attorneys' Eyes Only information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Confidential Health Information, Confidential, or Attorneys' Eyes Only information.

18. This Order is with reservation and without waiver of all rights, defenses, objections and privileges any party may possess and shall not deprive any party of its right to object to discovery by any other party or on any permitted ground.  This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19. This Order shall survive the termination of this action and shall remain in full force and effect, unless modified by an order of this Court or by the written stipulation of the parties filed

with the Court. The Court shall retain jurisdiction over enforcement of this order for one year following termination of the case.

20. Upon final conclusion of this litigation, including any appeals, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Health Information, Confidential, or Attorneys' Eyes Only information and to destroy, should such source so request, all copies of such materials that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing such Confidential Health Information. Confidential, or Attorneys' Eyes Only material; provided, however, that counsel may retain a set of all transcripts and pleadings including any exhibits attached thereto for archival purposes except to the extent that such transcripts, pleadings or exhibits contain Confidential Health Information. Each party shall be required, within 21 days of the entry of any final order, disposition, agreement, or other event triggering the conclusion of this litigation, to provide a certification indicating compliance with this paragraph. To the extent a party requests the return of such material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**CONSENTED TO BY:**

| | |
|---|---|
| By: */s/ Clay J. Pierce* <br> Clay J. Pierce <br><br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 1177 Avenue of the Americas 41st Floor <br> New York, New York 10036 <br> Clay.Pierce@faegredrinker.com <br><br> *Attorneys for Defendants* <br> *Cultivate Behavioral Holdings GP, Corp.* <br> *and Imperial Capital Group Ltd..* | By: */s/ Tim Cleveland* <br> Timothy Cleveland <br><br> CLEVELAND KRIST PLLC <br><br> 303 Camp Craft Road, Suite 325 <br> Austin, Texas 78746 <br> tcleveland@clevelandkrist.com <br><br> *Attorneys for Plaintiff* <br> *Ozgul Holmgren* |

**SO ORDERED.**

Dated:   June  23 , 2023
         New York, New York

_____
ANALISA TORRES
United States District Judge